United States District Court
Southern District of Texas
**ENTERED**
August 30, 2019
David J. Bradley, Clerk

**FILED**
AUG 30 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MELODIO REYES | § § § | |
| Plaintiff, | § | |
| VS. | § § | MISC ACTION NO. 7:19-MC-0711 |
| JASON JONES, ET AL. | § § | |
| Defendants. | § § | |

## REPORT AND RECOMMENDATION

Pending before the undersigned is Plaintiff's application to proceed *in forma pauperis*. (Dkt. No. 1). This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

Plaintiff has filed a motion for voluntary dismissal. (Dkt. No. 8). "Rule 41(a)(1)(i) is the shortest and surest route to abort a complaint when it is applicable. So long as the plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. . . . [T]he court has no role to play." *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). "The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016). "The court ha[s] no power or discretion to deny plaintiff['s] right to dismiss or to attach any condition or burden to that right." *Id.* In this case, Plaintiff has filed a motion for voluntary dismissal, rather than a notice of dismissal. Regardless, the Court should consider the case "effectively terminated." *Williams v. Ezell*, 531 F.2d 1261, 1263–64 (5th Cir. 1976).

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Plaintiff's motion for voluntary dismissal (Dkt. No. 8) be **GRANTED**, that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 1) be **DENIED** as moot, that this action be **DISMISSED** without prejudice, and the case be closed.

### *Notice to the Parties*

Within fourteen days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The Clerk of this Court shall forward a copy of this document to the parties by any receipted means.

SIGNED this 30th day of August, 2019, at McAllen, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge